UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| EVA MORROW,<br><br>               Plaintiff,<br>   v.<br>WELLS FARGO BANK, et al.,<br>              Defendants.<br>_____/ | No. C 12-03045 LB<br><br>**ORDER REGARDING THE SERVICE OF DEFENDANT CAL-WESTERN AND SETTING HEARING ON DEFENDANT WELLS FARGO'S MOTIONS**<br><br>[Re: ECF Nos. 1, 5, 6] |

Plaintiff Eva Morrow filed suit against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Cal-Western Reconveyance Corporation ("Cal-Western") in Alameda County Superior Court for alleged misconduct in relation to those entities' foreclosure on her property. *See* Notice of Removal, ECF No. 1 at 2.[1] Wells Fargo removed the action to this court on June 13, 2012, and it moved to dismiss Mr. Morrow's First Amended Complaint and for an order expunging a *lis pendens*. Notice of Removal, ECF No. 1; Motion to Dismiss, ECF No. 5; Motion to Expunge, ECF No. 6.

Once a case has been removed from state court, it is subject to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 81(c)(1).

As far as the court knows, Ms. Morrow did not serve Cal-Western prior to Wells Fargo's removal of the action on June 13, 2012. Thus, Ms. Morrow has until October 11, 2012 to serve Cal-

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-03045 LB
ORDER

1 Western. *See* 28 U.S.C. § 1448 (" In all cases removed from any State court to any district court of
2 the United States in which any one or more of the defendants has not been served with process or in
3 which the service has not been perfected prior to removal, or in which process served proves to be
4 defective, such process or service may be completed or new process issued in the same manner as in
5 cases originally filed in such district court."); Fed. R. Civ. P. 4(m) (allowing, in the absence of good
6 cause, a plaintiff 120 days to serve a defendant).

7 Because Cal-Western's status as a defendant to this action is essential to the resolution of Wells
8 Fargo's motions—Ms. Morrow argues that Cal-Western's inclusion as a named defendant destroys
9 the court's diversity jurisdiction, but Cal-Western must be served to become a party to this action,
10 *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a
11 party officially, and is required to take action in that capacity, only upon service of a summons or
12 other authority-asserting measure stating the time within which the party served must appear and
13 defend.")—the court vacated the August 2, 2012 hearing date.

14 Accordingly, Ms. Morrow shall file a proof of Cal-Western's service no later than October 12,
15 2012. Wells Fargo's motion to dismiss and motion to expunge a *lis pendens* is set for hearing on
16 November 1, 2012.

17 **IT IS SO ORDERED.**

18 Dated: August 22, 2012

19 _____
LAUREL BEELER
United States Magistrate Judge